BOLTON STEAM SHIPPING CO. v. CROSSMAN et al,

(District Court, S. D. New York. July 1, 1913.)

No. 65.

1. SHIPPING (§ 116*)—LIABILITY OF VESSEL FOR SHORTAGE OF CARGO—EVIDENCE.

The receipt of a specified number of packages by the master makes a prima facie case against the ship, where a smaller number is delivered; but the ship will be discharged if he is able to show that he delivered all that he actually received.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 226, 435; Dec. Dig. § 116.*]

2. SHIPPING (§ 116*)—SHORT DELIVERY OF CARGO—EVIDENCE CONSIDERED.

Evidence considered, and *held* not sufficient to exonerate a ship from liability for a short delivery of a cargo of coffee from Antwerp to New York, on the claim that she did not receive the number of bags called for by the bill of lading.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 226, 435; Dec. Dig. § 116.*]

3. SHIPPING (§ 140*)—CONTRACT EXEMPTING CARRIER FROM LIABILITY FOR NEGLIGENCE—HARTER ACT—SPECIAL CARRIER.

The provisions of Harter Act Feb. 13, 1893, c. 105, § 1, 27 Stat. 445 (U. S. Comp. St. 1901, p. 2946), making invalid contracts relieving a carrier from liability for negligence, apply to a special as well as a common carrier.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 493–495; Dec. Dig. § 140.*]

In Admiralty. Suit by the Bolton Steam Shipping Company against George W. Crossman and Herman Sielcken. Decree for respondents:

Convers & Kirlin, of New York City (John M. Woolsey, of New York City, of counsel), for libelant.

Burlingham, Montgomery & Beecher, of New York City, for respondents.

WARD, Circuit Judge. The libel is filed by the owners of the steamer Ribera to recover from the holder of the bill of lading $636.-08, balance of freight due on cargo of coffee in bags, Antwerp to New York. Two bills of lading were signed by the master, which called in the aggregate for 56,864 bags, while the tally made by the ship's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agents after the cargo had been discharged here and as it was removed from the wharf called for 56,834 bags.

Article 6 of the libel alleges that the whole cargo received at Antwerp has been delivered at New York, which is denied in the answer. Articles 7 and 8 of the libel allege that the parties, in lieu of weighing the cargo at New York, agreed that the weight was 7,418,792 pounds, and further allege that the freight earned at 12s. 6d. per 20 hundredweight is $10,080.78, of which only $9,444.70 have been paid; the respondent refusing to pay the balance of $636.08.

The answer admits the allegations of articles 7 and 8, but denies that any balance of freight is due, and sets up as a separate and independent defense the short delivery of 30 bags of coffee, of a value of $636.08.

If the respondent's admission of the allegations of articles 7 and 8 of the libel are to be taken literally and separately, the libelant's case would be expressly admitted. Taken, however, with the denial of the allegation of article 6 that the whole cargo shipped had been delivered, and with the denial that any balance of freight is due, and with the defense of short delivery, the admission must be construed as meaning only that the freight claimed would be due and payable if the whole cargo shipped had been delivered. Indeed, this question of short delivery is the only issue involved.

[1] The parties would like a decision which will fix the rule in all cases of short delivery. This is as impossible as to lay down a rule which will fix negligence in all cases. Each depends upon its own circumstances. The receipt of a specified number of packages by the master creates a prima facie case against the ship; but the ship will be discharged if he is able to show that he delivered all that was actually received. He may show that the figures in the bill of lading were the result of errors in addition, or errors in tallying, or of confusion of similar cargo.

[2] Both parties appear to agree that the tally made in New York was correct; that is to say, that the actual number of bags received by the respondent was 30 short of the bill of lading number. If the ship's duty was discharged when it delivered the bags over the side, as the libelant contends, and she did deliver all there were on board, her owners should explain why the bills of lading call for 30 bags more than were delivered. The testimony satisfies me that a very careful tally was kept at Antwerp as the bags went into the sling. The ship was fully loaded before all on the last wagon could be taken aboard. The libelant argues that the bills of lading by error called for these, which were intended to be loaded, but which were not. Precisely the contrary seems to me to be the fact, because there was a deduction made from one of the bills of lading of 16 bags, which were evidently the bags intended to be shipped, and which were not shipped. This shows care, but in no way explains an overage of 30 bags. There is evidence that the customs officers at Antwerp also kept a tally. The libelant should have examined them, and also the shippers, to ascertain from their accounts what number of bags went on board. Commercial transactions are made in reliance upon ships' documents, and any doubt as to their correctness should be resolved against the ship.

[3] The libelant contends that, because it is a special and not a common carrier, it is excused for negligence under the provision of the charter party:

"All goods to be brought to and taken from alongside at merchant's risk and expense."

Assuming that this covenant is incorporated by reference in the bill of lading, and that it amounts to an exemption of the carrier for its own negligence, it is no defense. There is no evidence that 30 bags shipped were lost by the carrier's negligence. The libelant's contention is that it never received them. Moreover, under section 1 of the Harter Act, any clause in the bill of lading relieving the carrier, whether common or special, from liability for loss arising from negligence in proper custody, care, or delivery of merchandise committed to its charge, is void.

The libel is dismissed, with costs.